**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
LUIS CARLOS GUTIERREZ HERNANDEZ, as
Administrator, On Behalf of the Estate of JESUS
GUTIERREZ, and LUIS CARLOS GUTIERREZ
HERNANDEZ, individually,
,
                                                      Plaintiffs,

                  - against -

DARREN TUCK, RYDER TRUCK RENTAL, INC., and
RYDER INTEGRATED LOGISTICS, INC.,

                                                    Defendants.
-------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiff designates Westchester
County as the place of trial.

The basis of venue is:
County of Occurrence

Plaintiff resides at:
42 Robin Road
New Rochelle, N.Y. 10801
County of Westchester

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       May 7, 2022

                                                   Yours etc.,

                                                   FARUQI & FARUQI, LLP
                                                   *Attorneys for Plaintiff*

                                                   _____
                                                   REZA REZVANI, ESQ.
                                                   685 Third Avenue, 26th Floor
                                                   New York, New York 10017
                                                   Tel.: (212) 983-9330

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 05/07/2022

Case 7:22-cv-05242-PMH   Document 1-1   Filed 06/22/22   Page 3 of 17

TO: DARREN TUCK
1360 West 6th Street
Piscataway, N.J. 08854

RYDER TRUCK RENTAL, INC.
c/o Corporate Creations Network, Inc.
600 Mamaroneck Avenue, Suite 400
Harrison, N.Y. 10528

RYDER INTEGRATED LOGISTICS, INC.
c/o Corporate Creations Network, Inc.
600 Mamaroneck Avenue, Suite 400
Harrison, N.Y. 10528

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x
LUIS CARLOS GUTIERREZ HERNANDEZ, as
Administrator, On Behalf of the Estate of JESUS
GUTIERREZ, and LUIS CARLOS GUTIERREZ
HERNANDEZ, individually,

Index No.:

**COMPLAINT AND JURY DEMAND**

Plaintiffs,

- against -

DARREN TUCK, RYDER TRUCK RENTAL, INC.,
and RYDER INTEGRATED LOGISTICS, INC.,

Defendants.
-------------------------------------------------------------------x

Plaintiff, **LUIS CARLOS GUITIERREZ HERNANDEZ**, as Administrator of the Estate of **JESUS GUTIERREZ**, and **LUIS CARLOS GUITIERREZ HERNANDEZ**, Individually, by his attorneys, FARUQI & FARUQI, LLP, complaining of the defendants herein, respectfully shows to this Court and alleges as follows, upon information and belief:

**As And For A First Cause of Action For Personal Injury**

1.  That the amount in controversy and damages sought herein, exclusive in interest, costs and disbursements, exceeds the jurisdictional limits of all Courts lower than the Supreme Court, which would otherwise have jurisdiction.

2.  That this action against Defendants, **DARREN TUCK, RYDER TRUCK RENTAL, INC.**, and **RYDER INTEGRATED LOGISTICS, INC.**, is being commenced within the time prescribed by law.

3.  That at all times herein referenced, Plaintiff, **LUIS CARLOS GUTIERREZ HERNANDEZ**, as Administrator of the Estate of Decedent, and Individually, is a resident of the County of Westchester in the State of New York.

1

4. On or about October 5, 2020, Plaintiff, **LUIS CARLOS GUTIERREZ HERNANDEZ**, was duly appointed Administrator of the Estate of the Decedent, **JESUS GUTIERREZ**, and granted Letters of Limited Administration by Order of the Honorable Judge Brandon R. Sall, Judge of the Westchester County Surrogate's Court, was duly qualified as such and is now acting in said capacity.

5. Defendant, **DARREN TUCK**, is an individual and citizen of New Jersey.

6. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, owned a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

7. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, operated a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

8. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, controlled a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

9. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, maintained a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

10. Defendant, **RYDER TRUCK RENTAL, INC.**, is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, **RYDER TRUCK RENTAL, INC.**, is a foreign corporation duly organized and existing under and by virtue of the laws of a state other than the State of New York.

12. Defendant, **RYDER TRUCK RENTAL, INC.**, is a foreign corporation duly organized and existing under and by virtue of the laws of a state other than the State of New York and authorized to do and doing business in the State of New York.

13. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER TRUCK RENTAL, INC.**, owned a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

14. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER TRUCK RENTAL, INC.**, operated a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

15. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER TRUCK RENTAL, INC.**, controlled a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

16. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER TRUCK RENTAL, INC.**, maintained a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

17. Defendant, **RYDER INTEGRATED LOGISTICS, INC.**, is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

18. Defendant, **RYDER INTEGRATED LOGISTICS, INC.**, is a foreign corporation duly organized and existing under and by virtue of the laws of a state other than the State of New York.

19. Defendant, **RYDER INTEGRATED LOGISTICS, INC.**, is a foreign corporation duly organized and existing under and by virtue of the laws of a state other than the State of New York and authorized to do and doing business in the State of New York.

20. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER INTEGRATED LOGISTICS, INC.**, owned a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

21. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER INTEGRATED LOGISTICS, INC.**, operated a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

22. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER INTEGRATED LOGISTICS, INC.**, controlled a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

23. Upon information and belief, at all times hereinafter mentioned, defendant, **RYDER INTEGRATED LOGISTICS, INC.**, maintained a commercial vehicle bearing Indiana license plate 2794476, for the year 2020.

24. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, was employed by defendant **RYDER TRUCK RENTAL, INC.**

25. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, owned a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER TRUCK RENTAL, INC.**

26. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, operated a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER TRUCK RENTAL, INC.**

27. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, controlled a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER TRUCK RENTAL, INC.**

28. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, maintained a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER TRUCK RENTAL, INC.**

29. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, was employed by defendant **RYDER INTEGRATED LOGISTICS, INC.**

30. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, owned a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER INTEGRATED LOGISTICS, INC.**

31. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, operated a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER INTEGRATED LOGISTICS, INC.**

32. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, controlled a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER INTEGRATED LOGISTICS, INC.**

33. Upon information and belief, at all times hereinafter mentioned, defendant, **DARREN TUCK**, maintained a commercial vehicle bearing Indiana license plate 2794476, for the year 2020 in the course of his employment by defendant **RYDER INTEGRATED LOGISTICS, INC.**

34. That upon information and belief, at all times hereinafter mentioned, North Avenue, in the City of New Rochelle, County of Westchester, State of New York was and still is a public highway open to use by members of the general public.

35. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, operated the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York.

36. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, operated the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of his employment.

37. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, operated the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of employment with defendant, **RYDER TRUCK RENTAL, INC.**

38. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, operated the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of employment with defendant, **RYDER INTEGRATED LOGISTICS, INC.**

39. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, parked the aforementioned commercial

vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York.

40. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, parked the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of his employment.

41. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, parked the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of employment with defendant, **RYDER TRUCK RENTAL, INC.**

42. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, parked the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of employment with defendant, **RYDER INTEGRATED LOGISTICS, INC.**

43. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, dangerously, negligently and illegally parked the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York.

44. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, dangerously, negligently, and illegally parked the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of his employment.

7

45. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, dangerously, negligently and illegally parked the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of employment with defendant, **RYDER TRUCK RENTAL, INC.**

46. That, upon information and belief, on or about May 7, 2020, an at all times hereinafter mentioned, defendant, **DARREN TUCK**, dangerously, negligently and illegally parked the aforementioned commercial vehicle at or near 720 North Avenue, in the City of New Rochelle, County of Westchester, State of New York in the course of employment with defendant, **RYDER INTEGRATED LOGISTICS, INC.**

47. That, upon information and belief, on May 7, 2020, an at all times hereinafter mentioned, Plaintiff's Decedent, **JESUS GUTIERREZ**, owned a motorcycle bearing New York license plate 56TT76 for the year 2020.

48. That, upon information and belief, on May 7, 2020, an at all times hereinafter mentioned, Plaintiff's Decedent, **JESUS GUTIERREZ**, operated a motorcycle bearing New York license plate 56TT76 for the year 2020.

49. That, upon information and belief, on May 7, 2020, an at all times hereinafter mentioned, Plaintiff's Decedent, **JESUS GUTIERREZ**, maintained a motorcycle bearing New York license plate 56TT76 for the year 2020.

50. That, upon information and belief, on May 7, 2020, an at all times hereinafter mentioned, Plaintiff's Decedent, **JESUS GUTIERREZ**, controlled a motorcycle bearing New York license plate 56TT76 for the year 2020.

51. That, upon information and belief, on May 7, 2020, an at all times hereinafter mentioned, Plaintiff's Decedent, **JESUS GUTIERREZ**, operated the aforementioned motorcycle southbound on North Avenue, in the City of New Rochelle, County of Westchester, State of New York at or near 720 North Avenue.

52. That, upon information and belief, on May 7, 2020, an at all times hereinafter mentioned, Plaintiff's Decedent, **JESUS GUTIERREZ**, operated the aforementioned motorcycle southbound on North Avenue, in the City of New Rochelle, County of Westchester, State of New York at or near 720 North Avenue when the aforementioned motorcycle came into contact with the aforementioned dangerously, negligently, and illegally parked commercial vehicle.

53. That, upon information and belief, as a result of the aforementioned contact, Plaintiff's Decedent, **JESUS GUTIERREZ**, suffered serious personal injuries and died.

54. That the Defendant was negligent, careless, and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid commercial vehicle and the Defendant was otherwise negligent, careless and reckless under the circumstances then and there prevailing in the following manner but not limited thereto: in parking on and obstructing a public roadway; in negligently, dangerously, carelessly and illegally parking on a public roadway in stopping in a no parking zone; in standing in a no parking zone; in failing to use flashing hazard lights; in failing to place cones or other safety barriers to direct traffic around a negligently, dangerously carelessly and illegally parked commercial vehicle; in creating a trap; in failing to warn motorist of the negligently, dangerously, carelessly and illegally parked vehicle; in failing to avoid contact, in failing to keep a proper lookout, in failing to make timely and proper use of brakes, steering mechanism, and horn, in negligently entrusting the aforementioned commercial vehicle to a person with known dangerous driving and operating propensities; in

9

failing to comply with all applicable statutes, ordinances, rules, and regulations, including adhering to traffic control devices, and the Defendants was otherwise careless, reckless, and negligent all of which were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

55. That by reason of the foregoing, Plaintiff's Decedent, **JESUS GUTIERREZ**, sustained serious permanent personal injuries; and Plaintiff's Decedent, **JESUS GUTIERREZ**, was otherwise damaged.

56. That Plaintiff's Decedent, **JESUS GUTIERREZ**, sustained serious injuries as defined by § 5102(d) of the Insurance Law of the State of New York.

57. By reason of the foregoing, from the time of the accident before noon on May 7, 2020, through the time of his death at 12:05 p.m., the Decedent sustained, among other things, pre-impact terror, fear of impending death, severe injuries to his head, limbs, and body, including, but not limited to, blunt force injuries, open fractures, closed fractures, internal organ damage, severe shock to his nervous system, internal bleeding, open cuts and bleeding, and was caused to suffer severe physical pain and mental anguish as a result thereof ultimately resulting in his death.

58. That Plaintiff's Decedent, **JESUS GUTIERREZ**, has sustained serious injuries and economic loss greater than basic economic loss as defined by § 5104 of the Insurance Law of the State of New York.

59. That Plaintiff is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

60. That this action falls within one or more of the exceptions set forth in CPLR § 1602.

10

61. That by reason of the foregoing, Plaintiff has been damaged and accordingly seeks damages in an amount which exceeds the jurisdictional limits of all Courts lower than the Supreme Court and in conformity and pursuant to CPLR § 3017(c).

### As And For A Second Cause of Action For Wrongful Death

62. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "61," inclusive, with the same force and effect as though set forth herein at length.

63. At all times hereinafter mentioned, Plaintiff's Decedent, **JESUS GUTIERREZ**, was the parent and natural guardian of a minor child, JGA.

64. The Plaintiff's Decedent, **JESUS GUTIERREZ**, left his surviving minor son, the Plaintiff, **LUIS CARLOS GUITIERREZ HERNANDEZ**, and other siblings.

65. By reason of the foregoing carelessness and negligence of the defendants, their agents, servants, and/or employees, the defendants caused, precipitated, and/or hastened the death of the Plaintiff's Decedent, **JESUS GUTIERREZ**, on May 7, 2022.

66. By reason of the wrongful death of the Decedent, his distributees sustained and will continue to sustain pecuniary loss, including loss of parental guidance and support.

67. By reason of the wrongful death of the Decedent, his distributees, including Plaintiff's Decedent's minor child, JGA, have been deprived of the advice, guidance, companionship, support, services, voluntary assistance, the prospect of inheritance, the guidance accrued to them by virtue of their status, and have sustained all other damages permitted by law.

68. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## As And For A Third Cause of Action For Economic Loss

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "68," inclusive, with the same force and effect as though set forth herein at length.

70. By reason of the foregoing carelessness and negligence of the defendants, their agents, servants, and/or employees, Plaintiff, **LUIS CARLOS GUITIERREZ HERNANDEZ**, was caused to expend sums of money related to and as a result of the death of Plaintiff's Decedent, **JESUS GUTIERREZ**.

71. By reason of the foregoing, Plaintiff has become responsible for, among other things, the expenses of the decedent's funeral.

72. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

73. It is hereby alleged pursuant to CPLR § 1603 that the foregoing cause of action is exempt from the operation of CPLR § 1601 by reason of one or more of the exemptions provided in CPLR § 1602.

74. By reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, the Plaintiff demands judgment against the Defendants, in the first, second, and third causes of action, in an amount that exceeds seventy-five thousand dollars ($75,000.00) all together with costs and disbursements of this action.

Dated: New York, New York
      May 7, 2022

Yours etc.,

FARUQI & FARUQI, LLP
*Attorneys for Plaintiff*

_____
REZA REZVANI, ESQ.
685 Third Avenue, 26th Floor
New York, New York 10017
Tel.: (212) 983-9330

13

## VERIFICATION

Reza Rezvani, an attorney admitted to practice before the courts of this State, affirms under penalty of perjury:

I am the attorney for the Plaintiff in the within action; I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The reason this verification is not made by Plaintiff is that Plaintiff is not presently in the county where I have my office. The source of my information and the grounds of my belief as to all matters not stated upon my knowledge are investigations made on behalf of Plaintiff.

Dated: New York, New York
      May 7, 2022

_____
REZA REZVANI, ESQ.