```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS CARLOS GUTIERREZ HERNANDEZ,
as Administrator, et al.,
                            Plaintiffs,
v.                                                              ORDER

DARREN TUCK, et al.,                                            No. 22-CV-05242 (PMH)

                            Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

On October 26, 2022, in light of Plaintiffs' failure to appear through counsel in this action, failure to appear at the initial conference, and failure to take any steps in the action since the matter was removed to this Court, the Court ordered Plaintiffs to, within 30 days of the order, either have counsel file a notice of appearance, or, if they could establish an exception exists in this case to the general rule that representative parties may not appear pro se, to submit a mailing address, telephone number, and email address to the Court. (Doc. 12). The Court warned that failure to comply with its order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b). (*Id.*). Plaintiffs did not appear in this action through counsel, establish any exception to the general rule that representative parties may not appear pro se, provide any contact information for Plaintiffs, or otherwise communicate with the Court. On January 17, 2023, Defendants filed a letter requesting that the Court dismiss this action under Rule 41(b) in light of Plaintiffs' failure to comply with the Court's order. (Doc. 14). Plaintiffs, to date, have not complied with the Court's order nor have they responded to Defendants' letter.

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution,

and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Court finds that dismissal of Plaintiffs' action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiffs failed to comply with two Court orders directing the filing of a proposed civil case discovery plan and scheduling order (Docs. 9, 11); failed to appear at the scheduled conference (*see* Doc. 12); failed to comply with the Court's order issued on October 26, 2022 (*id.*); and failed to take any steps to advance this action since it was removed to this Court on June 22, 2022 (Doc. 1). Indeed, Plaintiffs have not communicated in any way with the Court ever—the matter was removed by Defendants from State Court and no attorney ever appeared in this Court on Plaintiffs' behalf. (*Id.*). Plaintiffs' failure to comply with the Court's orders over a period of at least five months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-02326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-09311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (collecting cases and dismissing case at bar for four month delay).

Second, Plaintiffs were explicitly warned that failure to comply with the Court's order could result in dismissal of this action. The October 26, 2022 order specifically warned that, "[i]f plaintiffs fail to have new counsel file a notice of appearance within 30 days of the date of this order or otherwise fail to comply with this order, the Court may dismiss this action for want of prosecution under Federal Rule of Civil Procedure 41(b)." (Doc. 12 at 2). Even if the Court had not warned Plaintiffs that the case might be dismissed, a defendant's motion to dismiss for failure to prosecute has been held to put the plaintiff on notice that his continued failure to prosecute the action could result in dismissal. See, e.g., *Lopez v. Cath. Charities of Archdiocese of New York*, No. 00-CV-01247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001). Here, Plaintiffs also received

notice through Defendants' request to dismiss this action under Rule 41(b), which was served on Plaintiffs as well as Plaintiffs' former counsel. (Docs. 14, 15).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The Court may presume that defendants are prejudiced where a plaintiff that is required to obtain counsel "does not heed its duty of due diligence to move its case forward, by failing to obtain counsel." *U.S. ex rel. Reliable Const. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-07351, 2015 WL 740034, at *3 (E.D.N.Y. Feb. 20, 2015) (internal quotation marks omitted). Because Plaintiffs have made no effort to contact the Court and the administrator-plaintiff cannot proceed pro se,[1] there is good reason to conclude that the delay will continue, and prejudice to Defendants can be presumed.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Plaintiffs were twice directed to prepare and file a proposed civil case discovery plan and failed to do so (Docs. 9, 11); failed to appear at the scheduled conference (*see* Doc. 12); failed to comply with the Court's order issued on October 26, 2022 (*id.*); and failed to take any steps to advance this action since it was removed to this Court on June 22, 2022 (Doc. 1).

---

[1] As set forth in the Court's October 26, 2022 order, "the general rule in federal court forbids representative parties, such as guardians or executors, from appearing pro se." *Taylor v. Henderson*, No. 99-CV-04941, 2002 WL 14423, at *3 (S.D.N.Y. Jan. 4, 2002); *Mandeville v. Wertheimer*, No. 01-CV-04469, 2002 WL 432689, at *2 (S.D.N.Y. Mar. 19, 2002) (collecting cases); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant"). The Court gave Plaintiffs an opportunity to establish that an exception to this general rule exists in this case. (Doc. 12). Plaintiffs did not do so.

There is no reason to believe that Plaintiffs intend to pursue this action any further in light of their failure to participate in this action at any time since it was removed to this Court.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-03707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter"); *Max Impact, LLC v. Sherwood Group, Inc.*, No. 09-CV-00902, 2013 WL 4451301, at *1 (S.D.N.Y., Aug. 19, 2013) (dismissing case for failure to prosecute "[b]ecause [plaintiffs] cannot prosecute this action pro se and have not retained new counsel within the time allotted").

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice.

Defendants are directed to: (1) serve a copy of this order on Plaintiffs' counsel; (2) mail a copy of this order to Plaintiffs at their last known address.

The Clerk of Court is respectfully requested to close this case.

Dated:  White Plains, New York
        January 30, 2023

SO ORDERED:

_____
Philip M. Halpern
United States District Judge